**Ethlyn M. SHUMAKER,**
**Petitioner–Appellant,**

v.

**John M. SHUMAKER,**
**Respondent–Appellee.**

**No. 61A01–9004–CV–147.**

Court of Appeals of Indiana,
First District.

Aug. 21, 1990.

Loren J. Comstock, Indianapolis, for petitioner-appellant.

Don C. Schmidt, Crawfordsville, for respondent-appellee.

BAKER, Judge.

Petitioner-appellant, Ethlyn M. Shumaker (Ethlyn), appeals the trial court's division of marital property and award of attorney fees in her dissolution of marriage action against respondent-appellee, John M. Shumaker (John).

We affirm.

Ethlyn raises three issues in this appeal which we restate as two:

I. Whether the trial court abused its discretion in dividing the marital property.

II. Whether the trial court's award of partial attorney fees was inadequate and an abuse of discretion.

## FACTS

Ethlyn and John were married for nearly eleven years before Ethlyn filed a Petition for Dissolution of Marriage on October 10, 1988. During the marriage, both Ethlyn and John worked at various jobs and Ethlyn cared for John's ill father for approximately three months before the elder Shumaker's death. The marriage was dissolved on May 15, 1989. Prior to the dissolution, Ethlyn forged John's name on a promissory note which created a lien on the couple's mobile home. The final hearing on the property division was held on August 8, 1989, after which Ethlyn again forged John's name on a promissory note and created a lien on the couple's automobile.

After discovering Ethlyn's forgery of his name on the promissory notes, John filed a motion to reopen the case. The trial court granted John's motion and after hearing additional evidence, determined that the net marital assets were $253,892.36 and the liabilities were $16,996.71. On December 13, 1989, the trial court entered written findings and divided the marital property in the following manner:

**To Ethlyn:**

| | |
|---|---:|
| Claim against Lillian Lemon Estate | $ 18,000.00 |
| Mobile home | 11,500.00 |
| Furniture | 1,517.50 |
| Central National Bank Account | 5,056.00 |
| Insurance check | 2,563.00 |
| Personal property (owned prior to marriage) | 317.50 |
| Net assets | $ 38,954.00 |

**To John:**

| | |
|---|---:|
| Land contract/40 acres (owned prior to marriage) Stephen & Kathy Emmert Buyers | $ 70,867.02 |
| Land Contract/60 acres (owned prior to marriage) Michael & Patricia Emmert Buyers | 110,158.08 |
| Land Contract for purchase of house (owned prior to marriage) Floyd & Penny Covault buyers | 15,125.00 |
| Jennings County Lake Lot | 410.00 |
| Tennessee Time Share Condominium | 2,230.00 |
| Cash in Parke County Clerk's Office | 21,640.97 |
| Land Payment–Floyd Covault | 525.00 |

| | |
|---|---|
| Loan–Floyd Covault | $    750.00 |
| IRA | 5,227.00 |
| 1985 Chrysler | 4,237.00 |
| Personal property | 735.00 |
| (owned prior to marriage) | |
| Gross Assets | $231,905.07 |
| Debts | 16,996.71 |
| Net Assets | $214,938.36 |

Record at 660.

---

## I.

Ethlyn argues the trial court abused its discretion in dividing the marital property. The division of marital property is governed by IND.CODE 31–1–11.5–11(c) which provides:

The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:

(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in that residence for such periods as the court may deem just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties.

A trial court's division of marital property is committed to its sound discretion subject to the presumption set forth in the statute above. *In re Marriage of Davidson* (1989), Ind.App., 540 N.E.2d 641. When reviewing a property division, this court will not reweigh the evidence or judge the credibility of the witnesses; we will consider only the evidence most favorable to the trial court's disposition. *Davidson, supra; Euler v. Euler* (1989), Ind. App., 537 N.E.2d 554. Reversal is merited only when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Davidson, supra; Euler, supra.*

Ethlyn argues that the property division is an abuse of the trial court's discretion because it is grossly excessive and weighted toward John.[1] Ethlyn maintains that the trial court's property division was not just and reasonable because it did not take into account the following factors: the length of the marriage; Ethlyn's work outside the home; John's misconduct and dissipation of assets during the marriage; Ethlyn's minimal job skills and earning capabilities; and, the economic circumstances at the time of the hearing. Ethlyn also challenges the trial court's valuation of the land contracts and of her claim against the Lemon estate.

---

1. Ethlyn maintains throughout her brief that the figures to be compared in this case are her award of $38,954 in net assets with John's $231,-905.07 in gross assets. We refuse to follow Ethlyn's suggestion that we ignore the fact that John was ordered to pay all of the parties' debts. Accordingly, the proper figures for comparison are $38,954, the net asset figure for Ethlyn, and $214,938.36, the net asset figure for John.

IND.CODE 31–1–11.5–11(c) imposes a presumption that an equal division of marital property is just and reasonable. *Davidson, supra*. Marital property may be divided unequally when evidence to rebut the presumption has been presented. *Id.* When the presumption is rebutted and the trial court makes an unequal property division, the trial court must make written findings to support the unequal division. *Id.* Trial court findings are not required in cases where the division amounts to an "insubstantial deviation ... from precise mathematical equality." *Kirkman v. Kirkman* (1990), Ind., 555 N.E.2d 1293, 1294.

▪ The record reflects that the trial court awarded approximately 85% of the marital estate to John and 15% of the assets to Ethlyn. The record also reflects that unlike the trial courts in *Euler, supra* and *Davidson, supra*, the trial court entered written findings to justify the unequal division. The trial court found that the property underlying all three of the land contracts was acquired by John prior to his marriage to Ethlyn and that Ethlyn made no contribution toward its acquisition or value. The trial court noted that John acquired one of the properties through a prior divorce and the other two properties by inheritance. The personal property owned by each party prior to the marriage was awarded to him or her because the trial court found that neither party contributed to the other's acquisition of the property.

We find that the reasons set forth by the trial court to justify its unequal division of the marital property are sufficient to satisfy the requirements of IND.CODE 31–1–11.5–11(c). The trial court specifically mentioned that John acquired the property prior to the marriage, that he acquired two of the properties through inheritance, and that Ethlyn made no contribution to the properties' acquisition or value. These factors are contained in IND.CODE 31–1–11.5–11(c)(1) and (2), and their articulation on the trial court's record is enough to support the unequal division of the marital property.

▪ Ethlyn contends the trial court failed to consider several of the other factors listed in the statute. The trial court's exclusion of these factors from its written findings does not mean that it did not consider them. We presume the trial court considered all the evidence of record and properly applied the statutory factors. *See Porter v. Porter* (1988), Ind.App., 526 N.E.2d 219, *trans. denied*. The statute does not require the trial court to list those factors that do not justify the unequal division of property. The trial court need only "state its reasons for deviating from the presumption of an equal division." *Davidson*, 540 N.E.2d at 646. The trial court in the present case complied with this requirement which leads us to determine that Ethlyn's argument is without merit.

Ethlyn also complains that the trial court abused its discretion in valuing certain marital assets. In *Neffle v. Neffle* (1985), Ind.App., 483 N.E.2d 767, *trans. denied*, this court set forth the standard of review for evaluating a trial court's valuation of marital property:

> The burden of producing evidence as to the value of marital assets is upon the parties to the dissolution proceeding. The trial court has broad discretion in ascertaining the value of property in a dissolution action. Its valuation will not be disturbed absent an abuse of that discretion. The trial court does not abuse that discretion if there is sufficient evidence and reasonable inferences therefrom, which support the result.

*Id.* at 770 (citations omitted).

▪ Ethlyn asserts the trial court erred in valuing her claim against the Lemon estate at $18,000. She argues that $1,000 is the true value of the asset because that was the amount she testified to when presenting rebuttal evidence. We believe the trial court was well within its discretion to value the asset at $18,000. The record contains a copy of Ethlyn's claim against the estate which contains her sworn statement that the claim was worth $18,000. In the presence of such strong evidence to support the trial court's valuation of the asset, we find no abuse of discretion.

Similarly, we find the trial court did not abuse its discretion in valuing the three land contracts. Contrary to Ethlyn's assertion, the trial court was within its discretion to give the contracts a present value rather than add in the interest that would be collected if the contracts continued for the full term without any prepayment. The trial court has the discretion to choose any date between the date of filing of the dissolution petition and the final hearing to determine the value of a marital asset. *Eyler v. Eyler* (1986), Ind., 492 N.E.2d 1071. In the present case, the trial court selected the date the petition for dissolution was filed to value the land contracts. Such date was within the trial court's discretion and we find no error.

## II.

Ethlyn also complains that the trial court abused its discretion in awarding her only $800 in attorney fees. The trial court has broad discretion in awarding attorney fees under IND.CODE 31–1–11.5–16. *In re Marriage of Stutz* (1990), Ind.App., 556 N.E.2d 1346. The evidence in the present case reveals that Ethlyn forged John's name on two different promissory notes. Her actions led the trial court to reopen the case to hear additional evidence. This additional litigation was due solely to Ethlyn's wrongdoing and John should not be made to bear the expense of her misconduct. The trial court was well within its discretion in awarding only $800 in attorney fees.

Judgment affirmed.

RATLIFF, C.J., and HOFFMAN, P.J., concur.