**Clell Coleman NORTON, Appellant–Respondent,**

v.

**Mary Lou NORTON, Appellee–Petitioner.**

No. 12A02–9008–CV–474.

Court of Appeals of Indiana, Second District.

July 2, 1991.

George G. Ponton, Frankfort, for appellant-respondent.

Carol E. Grafton, Frankfort, Frank E. Spencer, Indianapolis, for appellee-petitioner.

SULLIVAN, Judge.

Clell Coleman Norton (Husband) appeals the sufficiency of the trial court's "Rationale for Unequal Division of Property" entered in the dissolution action initiated by Mary Lou Norton (Wife).

We reverse.

This is the second appeal presented by Husband challenging the trial court's division of the marital property. Upon Husband's first appeal, in a Memorandum Decision, we reversed the judgment of the trial

court and remanded the cause "for the trial court to divide the marital property equally or to set forth its rationale for dividing the property unequally." *Norton v. Norton* (1990) 555 N.E.2d 532. The trial court, upon remand, left the division of property unchanged and entered an order setting forth a rationale for dividing the property unequally. Husband argues the court abused its discretion by not dividing the marital property equally.

The parties were married August 25, 1949. The court granted dissolution on June 5, 1989. The most valuable asset of the marital estate was the house which the parties acquired in 1963. The parties agreed, and the court found, that the value of the house at the time of dissolution was $46,500.00. The house was purchased on contract, and the parties still owed $11,-300.00, leaving an equitable value of $35,-200.00. The court's original order dividing the marital property awarded each party the following [1]:

Wife:

Assets

| House | $46,500.00 |
|---|---|
| Household furnishings | 1,500.00 |
| 1981 Cadillac (185,000 miles) | 1,000.00 |
| Personal items | not valued |
| Pension | not valued |
| Total | $49,000.00 |

Liabilities

| Balance owing on house | $11,300.00 |
|---|---|
| Debt for automobile repairs | 360.00 |
| L.P. gas | 343.40 |
| Total | $12,003.40 |
| Net Distribution | $36,996.60 |

Husband:

Assets

| Florida real estate | $ 4,295.00 |
|---|---|
| Proceeds due from sale of service station | 11,500.00 |
| Lien on house | 15,000.00 |
| Four automobiles | 1,250.00 |
| Personal items | not valued |
| Pension | not valued |
| Total | $32,045.00 |

Liabilities

| Debt on service station | $23,000.00 |
|---|---|
| Credit union debt | 2,600.00 |
| Total | $25,600.00 |
| Net Distribution | $ 6,445.00 |

---

1. We note that the court did not value certain assets of the estate, including the parties' respective pensions. At the dissolution hearing, the parties agreed that each should receive his/her

Husband filed a motion to correct errors arguing that the lien on the house was indefinite because it was conditioned upon Wife's moving from the house, the sale of the house, Wife's remarriage, or Wife's death. In the motion, he also asserted that the court abused its discretion by failing to divide the property equally. The court agreed that under our Third District's decision in *Caddo v. Caddo* (1984) 3d Dist.Ind. App., 468 N.E.2d 593, the lien was not proper because it did not specify a time certain for payment. On that basis the court purported to grant Husband's motion to correct errors by vacating the lien in Husband's favor. The effect of this ruling was to render the property division even more disparate, leaving Husband with a net distribution of negative $8,555.00, and awarding Wife a net distribution of $51,-996.00. Because the court did not alter the distribution on remand, the foregoing distribution is again before us for review.

The distribution of marital property upon dissolution is governed by I.C. 31–1–11.5–11(c) (Burns Code Ed.Supp.1990), which provides:

"The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:

(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition

own pension and personal items, and they present no issue with regard to the distribution of those items.

of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in that residence for such periods as the court may deem just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties."

█ Subject to the statutory presumption for equal distribution, the trial court's decision regarding the disposition of marital property is discretionary. *Shumaker v. Shumaker* (1990) 1st Dist.Ind.App., 559 N.E.2d 315, 317; *Kaply v. Kaply* (1983) 2d Dist.Ind.App., 453 N.E.2d 331, 333. We will reverse the court's decision only where the decision is clearly against the logic and effect of the facts and circumstances presented. *Shumaker, supra; Euler v. Euler* (1989) 1st Dist.Ind.App., 537 N.E.2d 554, 556.

In the present case, the court deviated substantially from the statutory presumption. Upon the first appeal we held that when the court deviates from the statutory presumption, the court is required to state its reasons for doing so.[2] *See In re Marriage of Davidson* (1989) 1st Dist.Ind.App., 540 N.E.2d 641, 646. Stated differently, the court is required to state why an equal distribution of the property would not be just or reasonable. I.C. 31–1–11.5–11(c); *Seslar v. Seslar* (1991) 4th Dist.Ind.App., 569 N.E.2d 380, 382. The purpose of the statutory presumption is to move away from outdated notions about the contributions of each party to the marriage, and to treat the marriage more like a partnership in which the parties are presumed to share equally the profits of the marriage. *Seslar, supra.*

After remand, the court in this case entered a lengthy statement to support its distribution of the property. Basically, the statement restated its distribution of property. However, the following portions of the statement relate to the court's rationale for dividing the property unequally:

"The Wife has worked for National Seal company for the past 24 years and at Miller's Restaurant in Colfax for 13 years before that. She has been a most steady source of income. In 1983 she received an inheritance of $4,295.00 which amount was expended on the house except for a flight to Denver for four days to visit her brother.

The Husband was an insurance agent and had something to do with filters at the time of dissolution. He worked as a salesman for Gates Rubber Company for 17 years before retiring in March 1987.... He spent 3 years working for Brown Rubber ending in 1970 and 16 years in Commercial Filters ending in 1967.

In 1980, at the Husband's instance, a service station was purchased in Clarks Hill for $14,000.00. During the ownership the Husband managed to lose the retail merchant's certificate and had to borrow money from his brother-in-law to pay off a judgment to a bank in Frankfort. The Wife paid off a $187.00 debt to the Indiana Department of Revenue.

\* \* \* \* \* \*

The Husband was ... responsible for a "debt" to one David Grimes in the amount of $23,000.00. This debt ... is a writing on a paper napkin....

\* \* \* \* \* \*

David Grimes is a Director at Tri-County Bank. The Wife was not

---

**2.** We will not reverse the property division on the basis that the court neglected to state its reasons for dividing the property unequally if the deviation from the presumptive equal division is insubstantial. *Kirkman v. Kirkman* (1990) Ind., 555 N.E.2d 1293. However, the deviation in this case is far from insubstantial.

present during this transaction. David Grimes is Husband's brother-in-law. Husband had paid nothing to David Grimes. Husband claimed $3,200.00 interest on a tax return for money paid to David Grimes which was not actually paid. This mess is of the Husband's making and the Wife should not be required to move out of the house she had lived in and paid on for 27 years or to even remortgage because of it. Whatever this $23,000.00 napkin is, it is not the problem of the Wife and should not be entered on the balance sheet against her.

\* \* \* \* \* \*

The Court is of the opinion that after living in the house since 1963, having been married to the Husband since 1949 (and in the opinion of the Court after observing the parties, having to put up with him for that period of time), having been steadily employed and having put her inheritance into the house, she should have the house and should not have to create another obligation so that she may enjoy the house in her retirement.... It is fair that after 39 years of marriage the Wife receive her house of 27 years to live in, $1,500.00 worth of furniture and an old car, irregardless (sic) of the percent remaining for Husband." Record at 6–9.

■ Upon review of the evidence presented at the dissolution hearing, we hold that the court's division of the property is clearly against the logic and effect of the facts and circumstances presented in this case. Although Wife has been a steady source of income, the evidence and the court's own statement reveal that the Husband also worked steadily until he retired in 1987. Wife testified that she received an inheritance in 1983 which she used in most part to purchase a new refrigerator, new stove, new air conditioner, crushed stone for the driveway, and washed rock for landscaping. However, Wife also testified that Husband always made the house payment. The acquisition and maintenance of the house was plainly a joint endeavor.

At the time of the dissolution hearing, the earnings or earning ability of the parties were not significantly disparate. Husband was retired and receiving a pension of $239.95 per month. Wife was still working and earning $163.90 net pay per week.

In addition, the parties have no unemancipated children which would favor awarding the house to Wife as contemplated by I.C. 31–1–11.5–11(c)(3).

It appears from the court's statement that the primary motivation for awarding Wife a disproportionate share of the marital estate is Husband's mismanagement of the service station. The evidence indicates that the purchase of the service station was Husband's idea. The service station was purchased in 1980 for $14,000.00. Husband and Wife jointly executed a mortgage on the property. Wife testified that Husband was still working at Gates Rubber Company while the service station was in operation, and that she would occasionally help out at the station. At some point, Indiana sales taxes were not paid and Husband could no longer obtain a retail merchant certificate. The bank foreclosed upon the mortgage, and Husband, without Wife's knowledge, borrowed $23,000 from David Grimes to avoid losing the property. Husband claimed $3,200.00 interest on the couple's federal income tax return which was not in fact paid. The service station was later sold on contract for $17,500.00.

While these facts and circumstances do demonstrate a wasting of the parties' assets and would support some deviation from the presumptive equal distribution, they do not support giving Wife approximately 120% of the net marital estate "[regardless] of the percent remaining for Husband". The tenor of the court's statement is punitive and reflects that the court considered Husband responsible for the breakup of the marriage. However, the conduct of the parties during the marriage, aside from conduct relating to the disposition or dissipation of property, is irrelevant to the court's division of property. *In re*

*Marriage of R.E.G. v. L.M.G.* (1991) 1st Dist.Ind.App., 571 N.E.2d 298. Therefore, it was improper for the court to reward Wife for remaining married to Husband for 39 years and for "having ... put up with him for that period of time."

The court's judgment with respect to the division of the marital property is reversed and the cause is remanded with instructions for the court to divide the marital property in a manner consistent with I.C. 31-1-11.5-11(c) and with this decision.

BUCHANAN and RUCKER, JJ., concur.