Adeline Margaret HATTEN,
Appellant–Petitioner,

v.

Emerson Richard HATTEN,
Appellee–Respondent.

No. 09A02–0404–CV–314.

Court of Appeals of Indiana.

Jan. 28, 2005.

Opinion Granting Rehearing
April 20, 2005.

Publication Ordered April 20, 2005.

Jon M. Myers, Starr, Austen, Tribbett, Myers & Miller, Logansport, IN, Attorney for Appellant.

R. Tod Groff, Miller, Tolbert, Muehlhausen, Muehlhausen, Groff & Damm, PC, Logansport, IN, Attorney for Appellee.

## OPINION

ROBB, Judge.

The marriage of Adeline Margaret Hatten ("Wife") and Emerson Richard Hatten ("Husband") was dissolved by the trial court and the parties' assets were divided. The trial court awarded to Husband the entirety of a Merrill Lynch account funded with money Husband inherited from his mother. Wife now appeals. We reverse and remand.

### Issue

Wife presents one issue for our review, which we restate as whether the trial court properly awarded the Merrill Lynch account to Husband.

### Facts and Procedural History

Husband and Wife were married in 1964. Husband and Wife had each lost a spouse prior to marrying each other. Husband had four children from his prior marriage and Wife had two children from her prior marriage; Husband and Wife did not have any children as a result of their marriage to each other. Husband worked for the railroad prior to and during the marriage. Wife worked prior to the marriage, but following the marriage, she stayed home to maintain the household and tend to the parties' children. She used an inheritance of money and property from her late husband primarily to pay for her children to attend college and also to buy Husband a car that he later handed down to one of his children, and for various household expenses.

In 1988, Husband received an inheritance of approximately $55,000 when his mother passed away, which was used to fund a Merrill Lynch account. Initially, the account was in Husband's name only, but Wife's name was later added to the account, as well. The account was used to pay marital expenses such as home improvements, an automobile, and travel and living expenses.

Wife filed a petition for dissolution of marriage in January of 2003. Following a hearing, the trial court entered an order dissolving the marriage and dividing the marital property. In pertinent part, the court's order reads as follows:

4. That although the Wife did not work outside the home during the marriage the Husband has stipulated that the Wife's non-income producing contributions to the marriage were just as important as the Husband's income-producing contribution to the marriage.

* * *

12. That in 1988 the Husband inherited the sum of approximately $55,000 in a Merrill Lynch account from the estate of his mother, Mary B. Hatten. Some of those funds have remained in a Merrill Lynch account since the time of the inheritance. At some point subsequent to the inheritance the

[H]usband added the [W]ife's name to the account. Those funds have been expended during the marriage for the mutual benefit of the parties, leaving a remaining balance as of December 31, 2002 in the amount of $31,983.31. The wife testified that she had not contributed any of her personal funds to that account.

13. That in 1982 the [H]usband received a $20,000 severance payment from the railroad which was expended during the marriage for the mutual benefit of the parties.

14. That the Wife testified that she had received an inheritance [from] her deceased husband, Pat Perrone, and that those funds were primarily used to pay for the college education of the [W]ife's children from her prior marriage, namely: John Perrone and Patty Perrone.

\* \* \*

## II. THE COURT, HAVING MADE THE ABOVE FINDINGS OF FACT, NOW MAKES THE FOLLOWING CONCLUSIONS OF LAW:

\* \* \*

2. That there was not sufficient evidence introduced to suggest that either party dissipated assets during the marriage.

3. That all of the assets of the parties ... are considered by this Court as being part of the marital pot subject to division pursuant to I.C. 31–15–7–5.

\* \* \*

8. That the proceeds of the Merrill Lynch account are directly traceable to the [H]usband's inheritance from his mother in 1988. The Court concludes that the Husband has presented substantial relevant evidence justifying a deviation from an equal division of the property with respect to the Merrill Lynch account only pursuant to I.C. 31–15–7–5 in one or more of the following respects:

(a) The Merrill Lynch account was acquired through inheritance from the [H]usband's mother.

(b) The Merrill Lynch account has remained a separate and distinct account throughout the marriage, even though the Husband later added the Wife's name to the account.

(c) That the Wife made no separate contribution to the Merrill Lynch account during the marriage.

(d) That the Husband and Wife have each had the mutual benefit of approximately $23,000 of expenditures from the Merrill Lynch account during the marriage.

(e) That the Wife made a disposition of inherited funds from her deceased husband, Pat Perrone, in using those funds primarily to pay for the college education of the [W]ife's children by a prior marriage.

(f) That the Wife has enjoyed a benefit relating to the liquidation of the Prudential accounts which were owned by the Husband prior to the marriage and which presumably had some cash value prior to the marriage, although further premium payments on those policies were made during the marriage.

(g) That the Husband's severance pay of $20,000, which was at least partially attributable to his years of railroad service prior to the marriage, has already been expended for the mutual benefit of the parties.

The Court concludes that this situation is at least as favorable to the person claiming the inherited funds as the circumstances confronting the trial court in

*Keller v. Keller,* 639 N.E.2d 372 (Ind.Ct. App.1994) which confirmed the propriety of setting over the inherited funds to one of the parties, even despite extensive commingling. See also the *Castaneda* and *Shumaker* decisions cited in *Keller.*

Appendix to Brief of Appellant at 7–12. Wife now appeals the trial court's distribution of the Merrill Lynch account to Husband.

## Discussion and Decision

### I. Standard of Review

■ The disposition of marital assets is within the sound discretion of the trial court. *Bizik v. Bizik,* 753 N.E.2d 762, 766 (Ind.Ct.App.2001), *trans. denied.* "When a party challenges the trial court's division of marital property, he must overcome a strong presumption that the court considered and complied with the applicable statute, and that presumption is one of the strongest presumptions applicable to our consideration on appeal." *In re Marriage of Bartley,* 712 N.E.2d 537, 542 (Ind.Ct. App.1999).

■ When we review a claim that the trial court improperly divided marital property, we must decide whether the trial court's decision constitutes an abuse of discretion, considering only the evidence most favorable to the trial court's disposition of the property, without reweighing the evidence or assessing the credibility of witnesses. *Bizik,* 753 N.E.2d at 766. An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law or disregards evidence of factors listed in the controlling statute. *Id.* Although the facts and reasonable inferences might allow for a different conclusion, we will not substitute our judgment for that of the trial court. *Id.*

By statute, the trial court must divide the property of the parties in a just and reasonable manner, including property owned by either spouse prior to the marriage, acquired by either spouse after the marriage and prior to final separation of the parties, or acquired by their joint efforts. Ind.Code § 31–15–7–4. An equal division of marital property is presumed to be just and reasonable. Ind.Code § 31–15–7–5. This presumption may be rebutted by a party who presents relevant evidence, including evidence of the following factors:

(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse:

(A) before the marriage; or

(B) through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to:

(A) a final division of property; and

(B) final determination of the property rights of the parties.

*Id.*

### II. Disposition of Merrill Lynch Account

■ In awarding the Merrill Lynch account to Husband, the trial court noted that the account was acquired by Husband

through inheritance from his mother and that Wife had made no contribution to the account; that the account had remained separate and distinct throughout the marriage; that the parties had the mutual benefit of approximately $20,000 from the account during the marriage; that Wife had used an inheritance from her late husband to pay for the college education of her children from her prior marriage; and that Wife had enjoyed a benefit from the liquidation of several accounts owned by Husband prior to the marriage and from his severance pay. The trial court also noted that the circumstances of this case are "at least as favorable" to setting aside the account to Husband as those in *Keller v. Keller*, 639 N.E.2d 372 (Ind.Ct.App. 1994), *trans. denied.*

The parties in *Keller* were married in 1977, and in 1981, the wife inherited a home from her mother. The property was deeded solely to the wife as provided in her mother's will. Inheritance taxes and other expenses for the home were paid out of the parties' joint checking account. In 1987, the parties sold the home, and the proceeds from the sale were placed in the joint checking account. When they closed on a new home, the down payment was drawn from the joint checking account and the house was deeded to both parties. Expenses associated with the house were paid from the joint checking account. When the couple decided to divorce in 1992, they sold the new home and placed the proceeds in an escrow account. The trial court deviated from the presumptive equal division of property because the wife had inherited the original home and the funds from the inheritance were specifically traceable, awarding 72% of the parties' assets to the wife and 28% to the husband. On appeal, a majority of this court held that the wife had presented evidence that she inherited the original home and that the value of the inheritance still existed in the marital pot, and had therefore rebutted the equal division presumption. *Id.* at 374. Judge Staton dissented, stating that the parties clearly commingled all their assets and efforts, and the trial court's decision was therefore an abuse of discretion. *Id.* at 375.

The majority in *Keller* cited two cases, which the trial court in this case also cited. In *Castaneda v. Castaneda*, 615 N.E.2d 467 (Ind.Ct.App.1993), the wife inherited certain property from her father four years after the parties were married. She invested the property into two certificates of deposit in her name alone and never commingled the accounts with other marital funds. By the time the parties divorced approximately ten years later, the accounts were worth over $110,000. The dissolution court found that the inheritance was the wife's individual property and should be awarded to her. On appeal, we held that the trial court did not err in setting aside the inheritance to the wife because it was kept in her name and the husband did nothing to contribute to the accumulation of these funds; the funds consisting of the inheritance were never co-mingled with other assets brought into the marriage; and the wife did not treat them as marital property. *Id.* at 470–71.

In *Shumaker v. Shumaker*, 559 N.E.2d 315 (Ind.Ct.App.1990), the trial court awarded approximately 85% of the marital estate to the husband and 15% to the wife. The husband was awarded three land contracts, the property underlying which the husband had acquired through a prior divorce and by inheritance prior to the marriage. The trial court noted that the wife had made no contribution toward the acquisition or value of the properties. On appeal, we held that the trial court sufficiently justified the unequal distribution. *Id.* at 318.

We recognize the precedent of *Keller*, but disagree with the conclusion reached therein.[1] People commingle assets for a variety of reasons; however, the mere fact of traceability of assets should not be the basis for deviation from the presumptive equal division. We therefore decline to follow *Keller* herein.

We also recognize the trial court's broad discretion in dividing the marital property.[2] However, we hold that the trial court's findings are not supported by the evidence and do not support the judgment. The trial court found that the Merrill Lynch account "remained a *separate and distinct* account throughout the marriage," but also found that the parties "had the *mutual benefit* of approximately $23,000 of expenditures from the Merrill Lynch account during the marriage." Appendix to Brief of Appellant at 11 (emphasis added). Wife testified that originally, the account was held in Husband's name alone, but at some point, Husband added her name to the account of his own volition. Funds from the account were used to replace the roof, windows, siding, and carpeting of the marital residence, replace the roof and siding on the garage, and paint the barn. In addition, funds from the account were used for regular household expenses for both Husband and Wife such as gasoline for their cars. Unlike the certificates of deposit in *Castaneda*, which the wife kept completely separate from the rest of the marital property, the Merrill Lynch account was held in both Husband and Wife's names and was used to the benefit of both of them for nearly fifteen years.

Unlike the property in *Shumaker*, which the husband acquired prior to the parties' marriage, Husband and Wife had been married for twenty-four years when Husband inherited the funds in the Merrill Lynch account. Under these circumstances, we do not believe that the account can be considered "separate and distinct." Moreover, although it is true, as the trial court found, that Wife did not make any separate financial contribution to the account, the fact that she used a portion of her own inheritance for household expenses and the purchase of a car for Husband in part protected the funds in the Merrill Lynch account from having to be used for those purposes. Finally, the fact that Wife enjoyed the benefit of other commingled funds over the course of the marriage does not disqualify her from also enjoying the benefit of these commingled funds. We therefore hold that the trial court abused its discretion in awarding the entire value of the Merrill Lynch account to Husband.

*Conclusion*

The trial court abused its discretion in awarding the entire value of the Merrill Lynch account to Husband on the basis that the inherited property was "separate and distinct" from the marital property. We therefore reverse the trial court's property division as to the Merrill Lynch account and remand for an equal division of this account between Husband and Wife.

Reversed and remanded.

---

1. We do not disagree with *Castaneda* or *Shumaker*, but do disagree with the *Keller* court that either of these cases support the *Keller* holding.

2. The dissent points out that the trial court is authorized to deviate from the presumption of an equal division for property acquired through inheritance. However, in this case, the fact that Husband inherited the funds in the Merrill Lynch account was not the trial court's reason for awarding those funds solely to Husband; the funds were awarded to him because they were *traceable* to his inheritance. As we have already stated, we do not believe this is an appropriate basis for deviation.

KIRSCH, C.J., concurs.

BAKER, J., dissents with opinion.

BAKER, Judge, dissenting.

Because I believe that the trial court sufficiently set forth its reasoning for deviating from the presumption of an equal division of the marital property, I respectfully dissent.

The trial court is authorized by Indiana Code section 31–15–7–5 to deviate from the presumptive equal division if it states its reasons for the deviation. *Chase v. Chase,* 690 N.E.2d 753, 756 (Ind.Ct.App. 1998). One of these reasons is "[t]he extent to which the property was acquired by each spouse ... through inheritance or gift." I.C. § 31–15–7–5. In its order, the trial court explained that Husband's severance pay and portions of his inheritance had been used for the benefit of the family as a whole. However, Wife's inheritance had been used for Wife's children from a previous marriage only. Thus, Wife had already enjoyed the benefit of her own inheritance as well as Husband's inheritance. Moreover, Husband had kept the account separate for many years. This is sufficient to rebut the presumption of an equal division. *See Keller v. Keller,* 639 N.E.2d 372 (Ind.Ct.App.1994), *trans. denied.* I therefore vote to affirm the trial court in its finding that what remained of Husband's inheritance was Husband's alone.

### ORDER

This Court having heretofore handed down its opinion in this appeal on January 28, 2005, marked Memorandum Decision, Not for Publication.

The Appellee, by counsel, having thereafter filed his Motion to Publish Memorandum Decision, alleging that the majority opinion in the Not for Publication Memorandum Decision criticizes existing Indiana law and therefore, the Appellee alleges that said opinion should be published and prays this Court for an order that the Memorandum Decision be published.

The Court having examined said Motion to Publish, having reviewed its decision and being duly advised, now finds that the same should be granted.

IT IS THEREFORE ORDERED that the Appellee's Motion to Publish Memorandum Decision is GRANTED.

All Panel Judges Concur.

### PETITION ON REHEARING

ROBB, Judge.

The nearly forty-year marriage of Adeline Margaret Hatten ("Wife") and Emerson Richard Hatten ("Husband") was dissolved and the trial court ordered a deviation from an equal distribution of the marital property in that Husband was awarded an account at Merrill Lynch. We held that the trial court abused its discretion in setting aside this account to Husband. *Hatten v. Hatten,* No. 09A02–0404–CV–314, 825 N.E.2d 791 (Ind.Ct.App., Jan. 28, 2005). Husband now petitions for rehearing, alleging a factual error in our opinion leading to a misunderstanding of the basis on which the trial court's award was made. We grant the petition for rehearing for the sole purpose of addressing Husband's contention, but reaffirm our opinion in all respects.

In our opinion, we stated that "[t]he trial court awarded to Husband the entirety of a Merrill Lynch account funded with money Husband inherited from his mother." Op. at 792. We also stated later in the opinion that "[i]n 1988, Husband received an inheritance of approximately $55,000 when his mother passed away, which was

used to fund a Merrill Lynch account." *Id.* Husband points out testimony that the Husband inherited the account directly from his mother's estate, rather than inheriting money that was later placed in a Merrill Lynch account as our opinion would imply. We agree that the testimony supports Husband's assertion, and to the extent the wording of our opinion implies otherwise, we correct that phrasing. However, the nature of Husband's inheritance has no effect on our ultimate result. As stated in our original opinion, the trial court found that the account was separate and distinct from the marital property. However, Husband voluntarily added Wife's name to the account and they enjoyed the mutual benefit of funds withdrawn from the account for ordinary living expenses (a finding also made by the trial court). Under these circumstances, the account was clearly commingled with the marital property. We therefore reaffirm our original holding that the trial court abused its discretion in setting the account aside to Husband.

KIRSCH, C.J., concurs.

BAKER, J., concurs in part and dissents in part with opinion.

BAKER, Judge, concurring and dissenting.

I join my colleagues in voting to grant the petition for rehearing to correct any factual error. Moreover I continue to believe the trial court sufficiently set forth its reasoning from the presumption of an equal division of the marital property as I stated in my previous dissent.