**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**GREGG S. THEOBALD**
Lafayette, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PABLO C. GALLO, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1207-DR-624 |
| | ) | |
| SANDRA MOIRA HYLAND, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Thomas H. Busch, Judge
Cause No. 79D02-0808-DR-319

**February 22, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Pablo C. Gallo appeals from the trial court's distribution of marital property following the dissolution of his marriage to Sandra Moira Hyland. He raises the sole issue of whether the trial court erred in deviating from the statutory presumption of an equal distribution of marital property. Concluding that the trial court erred when it did not explain why it deviated from the presumption, we reverse and remand with instructions to the trial court to either follow the statutory presumption or to set forth its rationale for deviating from it.

## Facts and Procedural History

Gallo and Hyland were divorced in 2009. The original dissolution decree included a general statement that the "property of the parties shall be divided equally" but also addressed the property division in more detail, dividing the American debts equally and deferring further property division until more information was presented to the court. Appellant's Appendix at 15. The court ordered that, in the meantime, Gallo would be given possession of all property in the United States and Hyland possession of all property in Argentina.

In 2012, Gallo filed a petition to set property division matters for hearing. Hyland did not appear at the hearing or present any evidence. Gallo presented evidence regarding the value of a 5% interest in two Argentina corporations and an Argentina home all in Hyland's name, the only significant assets the parties owned. Gallo requested that the court divide the assets equally. The court expressed some concern in giving Gallo an interest in the Argentina corporations because they are closely-held organizations and appeared to be owned, at least

2

in part, by relatives of Hyland, but requested that Gallo submit to the court a proposed order. The court issued its order on June 29, 2012, and gave Hyland a 100% interest in both the Argentina home and in the 5% interest in the two Argentina corporations. Gallo now appeals.

## Discussion and Decision

### I. Standard of Review

We note that Hyland did not file an appellee's brief. When the appellee fails to file a brief, we need not undertake the burden of developing an argument for the appellee. Trinity Homes, LLC v. Fang, 848 N.E.2d 1065, 1068 (Ind. 2006). Rather, we will reverse the trial court's judgment if the appellant presents a case of prima facie error. Id. Prima facie error is defined as "at first sight, on first appearance, or on the face of it." Id. at 1068 (quoting Santana v. Santana, 708 N.E.2d 886, 887 (Ind. Ct. App. 1999)). If the appellant does not meet this burden, we will affirm. Id.

The division of marital assets is within the sound discretion of the trial court. Hatten v. Hatten, 825 N.E.2d 791, 794 (Ind. Ct. App. 2005), trans. denied. We review a claim that the trial court improperly divided marital property for an abuse of discretion. Id. "An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law or disregards evidence of factors listed in the controlling statute." Id. We will not reweigh the evidence or assess the credibility of the witnesses and will only consider the evidence most favorable to the trial court's disposition of the marital property. Id.

3

## II. Unequal Distribution of Marital Property

An equal division of marital property is presumed to be just and reasonable. Ind. Code § 31-15-7-5. This presumption may be rebutted if a party presents relevant evidence regarding the following factors:

> (1) each spouse's contribution to the acquisition of property, (2) acquisition of property through gift or inheritance prior to the marriage, (3) the economic circumstances of each spouse at the time of disposition, (4) each spouse's dissipation or disposition of property during the marriage, and (5) each spouse's earning ability.

Chase v. Chase, 690 N.E.2d 753, 756 (Ind. Ct. App. 1998) (citing Ind. Code § 31-15-7-5). Although a trial court may decide to divide the marital property unequally, it "must, in its findings and judgment, based on the evidence, state its reasons for deviating from the presumption of an equal division." In re Marriage of Davidson, 540 N.E.2d 641, 646 (Ind. Ct. App. 1989).

Here, the trial court deviated from the presumption of equal distribution by giving Hyland a 100% interest in the Argentina home and in the shares of the Argentina corporations. Gallo argues that because Hyland did not present evidence rebutting the statutory presumption of equal division, the court erred by not ordering an equal distribution of the marital property. Gallo argues, more specifically, that for a court to deviate from the statutory presumption of equal distribution, one or both parties must specially request such a deviation. However, taking this argument literally would mean that if a motion for an equal division of marital property is made and goes unopposed, a trial court must grant it. However, the division of marital property is within the sound discretion of the trial court and

is subject only to the statute. Id. at 645. While, ordinarily, the party opposing equal division is the one who presents evidence to rebut the presumption, a court may choose to deviate from the statutory presumption as long as the deviation is based on a consideration of all of the relevant statutory facts, Wallace v. Wallace, 714 N.E.2d 774, 780 (Ind. Ct. App. 1999), trans. denied, and the court articulates its reasons for doing so, Norton v. Norton, 573 N.E.2d 941, 943 (Ind. Ct. App. 1991).

Contrary to Gallo's assertion, there is evidence in the record that may support an unequal distribution of property. The court pointed to one piece of evidence during the hearing when it expressed its concern regarding awarding a non-relative an interest in a closely-held organization owned by relatives. However, the trial court should have set forth its reasons for deviating from the statutory presumption of equal distribution when it ordered an unequal division. See Chase, 690 N.E.2d at 756 (remanding the issue of an unequal division of marital property, because, while the evidence could support an unequal division, the court's decree was devoid of any reason or explanation for deviating from the statutory presumption). This is especially true in light of the trial court's previous comment in the original dissolution decree that the "property of the parties shall be divided equally," which is consistent with the statutory presumption. See Appellant's App. at 15. We may not speculate as to the trial court's reasoning and cannot reweigh the evidence in this case. Thus, we reverse and remand with instructions to the trial court to either follow the statutory presumption or to set forth its reasons for choosing not to do so.

## Conclusion

The trial court erred by not setting forth the reasons for why it deviated from the statutory presumption of an equal division of marital property. Therefore, we reverse and remand with instructions to the trial court to either follow the statutory presumption or to set forth its rationale for deviating from it.

Reversed.

MAY, J., and PYLE, J., concur.