**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 13 2014, 10:29 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID W. STONE IV**
Stone Law Office & Legal Research
Anderson, Indiana

ATTORNEY FOR APPELLEE:

**AMANDA C. DUNNUCK**
Dunnuck & Associates
Muncie, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE: THE MARRIAGE OF ) | |
| ) | |
| JERRY FRENCH, ) | |
| ) | |
| Appellant-Petitioner, ) | |
| ) | |
| vs. ) | No. 18A05-1403-DR-94 |
| ) | |
| REBECCA (FRENCH) LAMBERT, ) | |
| ) | |
| Appellee-Respondent. ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable John M. Feick, Judge
Cause No. 18C04-1203-DR-28

**November 13, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**GARRARD, Senior Judge**

Jerry French appeals the trial court's division of assets upon the dissolution of his marriage to Rebecca (French) Lambert. We affirm in part and reverse and remand in part.

Jerry presents three issues for our review, which we restate as:

I.      Whether the trial court abused its discretion by excluding certain debt from the marital estate.

II.     Whether the trial court abused its discretion by dividing the marital estate equally between the parties, notwithstanding the assets that Jerry brought into the marriage.

III.    Whether remand is required for the trial court to address two remaining issues.

Jerry and Rebecca were married on July 3, 2002. On March 2, 2012, Jerry filed a petition for dissolution. On December 20, 2013, the trial court conducted a final hearing and issued a decree of dissolution. On January 10, 2014, the trial court issued a "Limited Order Concerning Property Settlement Agreement and Maintenance" terminating maintenance and ordering certain items of personal property set over to each of the parties. On February 4, 2014, the trial court issued findings of fact and conclusions thereon regarding the disposition of the marital estate. In its order, the court stated its intention of accomplishing a 50/50 division of the parties' assets. Jerry filed a motion to correct error that was denied by the trial court. He now appeals.

The determination of the division of marital property lies within the sound discretion of the trial court, and we will reverse the trial court's decision only upon an abuse of that discretion. *DeSalle v. Gentry*, 818 N.E.2d 40, 44 (Ind. Ct. App. 2004). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Antonacopulos v. Antonacopulos*, 753 N.E.2d

2

759, 760 (Ind. Ct. App. 2001). In reviewing the trial court's decision, we will not reweigh the evidence or assess the credibility of witnesses, and we consider only the evidence most favorable to the judgment of the trial court. *DeSalle*, 818 N.E.2d at 44. Further, a party challenging the division of assets must overcome the strong presumption that the court considered and complied with the statutory guidelines. *Hatten v. Hatten*, 825 N.E.2d 791, 794 (Ind. Ct. App. 2005), *trans. denied.* This presumption is one of the strongest presumptions on appeal. *Id.* Although the facts and reasonable inferences might allow for a different conclusion, we will not substitute our judgment for that of the trial court. *DeSalle*, 818 N.E.2d at 44.

Here, the trial court made special findings of fact and its conclusions at Jerry's request pursuant to Indiana Trial Rule 52(A). When the trial court enters findings of fact and conclusions of law, we apply a two-tiered standard of review: first, we determine whether the evidence supports the findings and, second, whether the findings support the judgment. *S.C. Nestel, Inc. v. Future Constr., Inc.*, 836 N.E.2d 445, 449 (Ind. Ct. App. 2005). The trial court's findings and conclusions will be set aside only if they are clearly erroneous. *Id.* We will find clear error if there is no evidence to support the findings or if the findings fail to support the judgment. *St. John Town Bd. v. Lambert*, 725 N.E.2d 507, 518 (Ind. Ct. App. 2000). In determining whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom. *Id.* Moreover, we will not reweigh the evidence or assess witness credibility. *S.C. Nestel, Inc.*, 836 N.E.2d at 449.

3

I. Unsecured Debt

Jerry first contends that the trial court abused its discretion by excluding certain unsecured debt from the marital estate in Finding of Fact #6. Finding of Fact #6 provides, in pertinent part:

> [Jerry] also submitted evidence of unsecured debt. The testimony presented by [Jerry] on the debt totals $60,087.00. [Rebecca] is requesting that the Court not include the debt in the marital estate. [Jerry] testified that he has not paid on the debt since some time in 2008. [Rebecca] testified that a letter was sent to all creditors in 2008 advising that [Jerry] was going to file bankruptcy and was on disability.
>
> The Court finds that this debt is stale, that there may be a statue-of-limitation issue with some of it, and that the creditors' actions have been clear in that they are not going to attempt collection. However, some have already been reduced to judgment and due to the marital real estate no longer being held by the entireties, the Court does find that some liability may fall upon [Jerry]. Based upon the testimony of the parties, and the evidence submitted, the Court finds the following values to be the debt included in the marital estate:
>
> | | | |
> |---|---|---|
> | a. | Unsecured debt in petitioner's name | $ 20,029.00 |
> | b. | Debt owed to Roselyn French | $ 10,000.00 |
> | c. | Mortgage on marital real estate | $123,193.00 |
> | d. | Debt on 2007 GMC | $ 15,475.00 |
> | e. | Pontiac Vibe | $ 7,408.00 |

Appellant's App. pp. 26-27. Jerry asserts that the trial court improperly failed to include all of the parties' unsecured debt in the marital estate.

At the final hearing, both parties testified that the $60,087.00 unsecured debt was incurred for their mutual benefit. Jerry testified that charges were made by both parties, and Rebecca testified that when Jerry went on sick leave from his job, they lived off the credit cards. Jerry further testified that payments had not been made on the credit cards since 2008 or 2009. Rebecca confirmed that she and Jerry did not pay on the credit card debt and stated that they were going to file bankruptcy but after meeting with a bankruptcy

4

attorney, they decided not to do so.  They did, however, send a letter to all their creditors explaining Jerry's health problems, explaining that although he is receiving disability his income has been drastically reduced, and stating that the couple is planning to file bankruptcy.

The marital property to be divided in a dissolution action includes both assets and liabilities.  *Leever v. Leever*, 919 N.E.2d 118, 124 (Ind. Ct. App. 2009).  Here, in paragraph 10 of the final order, the trial court states its intention to divide the parties' marital estate 50/50.  In dividing the marital estate, the trial court excluded from the marital pot a large portion of the parties' unsecured debt based upon its conclusion that the debt was "stale" and that there might be a statute of limitation issue with regard to some of the debt.  This finding by the trial court was outside the bounds of the evidence presented.  Although both parties testified that they had made no payments since 2008 or 2009 and that they had sent Jerry's letter to their creditors, none of the evidence submitted to document these debts indicated that the creditors would not proceed with collection.  One document noted the collection status as "Bankruptcy Research;" however, this status was not explained and could be nothing more than an acknowledgment of the parties' letter.  Ex. Vol. I, p. 102.  Indeed, as late as 2012, Jerry's bank accounts were frozen for a period of time.  In addition, three creditors had obtained judgments against Jerry, one of whom had moved forward with proceedings supplemental.  The evidence showed that several more creditors had sent Jerry's account to collection.  Thus, the evidence does not support the trial court's finding that the debt was stale and that the creditors would never pursue collection.  Accordingly,

we remand this issue to the trial court for inclusion of the entirety of unsecured debt of the parties in the marital estate.

Moreover, the omission of the majority of the parties' credit card debt from the marital estate causes the actual property distribution to deviate from the trial court's intended 50/50 division and results in an inequitable distribution in Rebecca's favor. We remand this cause to the trial court for inclusion of the entire amount of the parties' unsecured debt in the marital estate and for allocation of the debt between the parties as may be necessary. The inclusion and allocation of this debt will, most likely, necessitate an adjustment by the trial court in the division of the marital estate in order to maintain the 50/50 distribution of marital assets between the parties.

## II. Premarital Property

Next, Jerry argues that the trial court abused its discretion by dividing the marital estate equally even though he brought certain assets into the marriage. Specifically, Jerry claims that the trial court abused its discretion by determining the parties' assets should be divided 50/50 in Finding of Fact #10, and he requests credit for equity in real estate he owned at the time of the marriage, as well as credit for a car and an ATV he brought into the marriage. Finding of Fact #10 provides:

> 10. That [Rebecca] requested the Court use the statutory presumption of a 50/50 distribution. There was no evidence presented by [Jerry] which would rise to the level of anything other than a 50/50 distribution.

Indiana Code section 31-15-7-5 (1997) provides, in relevant part:

> The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence

6

concerning the following factors, that an equal division would not be just and reasonable:

(1) *****

(2) *The extent to which the property was acquired by each spouse*:
    (A) *before the marriage*; or
    (B) through inheritance or gift.

    *******

(Emphasis added).  While the trial court *may* deviate from an equal division of property in certain limited circumstances, there is nothing in the statute that suggests that the trial court *must* deviate from the traditional 50/50 split simply because one party presents evidence that he or she owned certain assets prior to marriage.  To the contrary, Indiana Code section 31-15-7-4(a) (1997) provides, in pertinent part, that the court shall divide the property of the parties, whether:

(1) *owned by either spouse before the marriage*;

(2) acquired by either spouse in his or her own right:

    (A) after the marriage; and
    (B) before final separation of the parties; or

(3) acquired by their joint efforts.

    *******

(Emphasis added).

Our review of the transcript shows that both parties made various contributions to the acquisition of the marital property during the parties' premarriage cohabitation and subsequent marriage of over nine years.  For example, Rebecca testified that in 2004 she

received full disability benefits as well as a back payment of $25,000.00. The parties used the $25,000.00 to pay the loan for all the new household furniture.

On appeal we consider the evidence most favorable to the trial court's disposition of marital property, and we may not reweigh the evidence. *DeSalle*, 818 N.E.2d at 44. Jerry's argument amounts to a request to reweigh the evidence. While it is true that the trial court must consider a spouse's contribution of prior acquired property, that is but one factor for review and is entitled to no special weight. *Bertholet v. Bertholet*, 725 N.E.2d 487, 496 (Ind. Ct. App. 2000). Jerry has failed to rebut the strong statutory presumption contained in Indiana Code section 31-15-7-5 favoring an equal division of the entire marital estate. Therefore, we cannot say that the decision of the trial court was clearly against the logic and effect of the facts and circumstances before it. Accordingly, we find that the trial court did not err in dividing the entire marital estate equally between the parties.

### III. Sanctions and Attorney Fees

Finally, Jerry asserts that remand is necessary because the trial court failed to address two issues in its Final Order in Dissolution. First, in an order dated February 28, 2013, the trial court stated, in pertinent part:

> 1. That [Rebecca] is found in contempt of the provisional order and the Court shall determine her sanctions, if any, at the final hearing.

Appellant's App. p. 55. The second issue is Jerry's request at the final hearing that Rebecca be held liable for his attorney fees in a criminal case in which he was charged with and acquitted of domestic battery.

8

The trial court's dissolution decree made no mention of these two issues. Thus, we remand to the trial court for findings as to the determination of sanctions, if any, against Rebecca for being found in contempt of the provisional order. In addition, we direct the trial court to make appropriate findings as to Jerry's request for Rebecca to be liable for his attorney fees in his criminal case. *See Balicki v. Balicki*, 837 N.E.2d 532, 540-41 (Ind. Ct. App. 2005) (Court of Appeals remanding for clarification where trial court's findings failed to address issue), *trans. denied*.[1]

For the reasons stated, we conclude that the trial court abused its discretion in failing to include all of the unsecured debt of the parties in the marital estate. We also conclude that the trial court was within its discretion to divide the parties' marital assets equally and that the trial court failed to include in its findings its determination as to sanctions and attorney fees.

Accordingly, we remand to the trial court and instruct it to include all of the parties' unsecured debt in the marital estate and to recalculate the division of marital property in accordance with its decision to divide the property 50/50 between the parties. In addition, we direct the trial court to issue findings as to its determination of sanctions, if any, against Rebecca for being found in contempt of the provisional order as well as findings regarding Rebecca's liability, if any, for attorney fees in Jerry's criminal case.

Affirmed in part and reversed and remanded in part.

MAY, J., and BRADFORD, J., concur.

---

[1] This Court makes no suggestion as to what the trial court's findings should be.