**In re the Marriage of George PLISINSKI, Appellant–Respondent,**

**v.**

**Paula PLISINSKI, Appellee–Petitioner.**

No. 30A01–9709–CV–309.

Court of Appeals of Indiana.

Oct. 9, 1998.

Terry R. Curry, Butler, Hahn, Hill & Schembs, Indianapolis, for Appellant–Respondent.

Gregg H. Morelock, Cohen & Morelock, Greenfield, for Appellee–Petitioner.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Respondent–Appellant George Plisinski (George) appeals the trial court's judgment as it pertains to the division of property in a dissolution action filed by Petitioner–Appellee Paula Plisinski (Paula).

We reverse in part and affirm in part.

### ISSUES

George raises two issues for our review, which we restate as:

1. Whether the trial court erred in awarding a portion of George's Tier I railroad retirement pension benefits to Paula.

2. Whether the trial court erred in not giving George a credit for his payment of certain marital debts.

### FACTS AND PROCEDURAL HISTORY

The parties were married on November 1, 1980, and separated on August 23, 1995. During the marriage, George worked for the railroad and became vested in railroad retirement benefits.

After a hearing on Paula's petition for dissolution of the marriage, the trial court entered an order dividing marital property. The trial court found that:

[T]here exists a marital asset in the form of Tier I and Tier II U.S. Railroad Benefits, which are vested, but which will not be paid to [George] until [George] reaches age sixty-five (65) and that upon [George's] reaching the age of sixty-five (65) whether he elects to commence receiving retirement benefits, [George] shall pay to [Pau-

la] the sum of Three Hundred Seventy-Five Dollars ($375.00) per month representing her interest in said pension benefits, pursuant to [Ind.Code] 31–1–11.5–11(b)(4).

(R. 47).

The trial court then concluded that:

[U]pon [George's] reaching the age of sixty-five (65), whether or not he elects to commence receiving U.S. Railroad Retirement benefits, [George] shall pay to [Paula] the sum of Three Hundred Seventy-Five ($375.00) per month through the Clerk of the Court representing her interest in said pension benefits.

(R. 52–53). In addition, the trial court also divided other items designated as marital property and assigned the payment of certain marital debts.

George now appeals the trial court's division of marital property.

### DISCUSSION AND DECISION

### STANDARD OF REVIEW

■ When reviewing a claim that the trial court improperly divided marital property, this court must determine whether the trial court's decision is clearly erroneous or constitutes an abuse of discretion. *In re Marriage of Dall*, 681 N.E.2d 718, 720 (Ind. Ct.App.1997). Reversal is merited where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* We will not reweigh the evidence or assess the credibility of witnesses, and we will consider only the evidence most favorable to the trial court's disposition of marital property. *Showalter v. Brubaker*, 650 N.E.2d 693, 700 (Ind.Ct.App. 1995). An abuse of discretion may be found when the trial court has misinterpreted the law. *Bloodgood v. Bloodgood*, 679 N.E.2d 953, 956 (Ind.Ct.App.1997).

■ When reviewing a trial court's specific findings of fact and conclusions of law, this court applies a two-tiered standard of

review.[1] First, we determine whether the evidence supports the findings, and second, whether the findings support the judgment. *Id.* The judgment will be reversed only when it is unsupported by the findings of fact and the conclusions entered on those findings. *Id.*

## I. PENSION BENEFITS

■ George contends that the trial court erred in ordering him to pay a portion of his Tier I U.S. Railroad Pension benefits (hereinafter, "railroad pension benefits") to Paula. He argues that our state law allowing railroad pension benefits to be treated as marital property is preempted by federal statute.

George's railroad pension benefits are accrued and paid under the Railroad Retirement Act (the "Act"). At the time the trial court entered its judgment, the Act provided that "no annuity [Tier I pension payment] or supplemental annuity shall be assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated." 45 U.S.C. § 231m. In *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 809, 59 L.Ed.2d 1 (1979), the Supreme Court held that § 231m is designed to protect the benefits from legal process "[n]otwithstanding any other law . . . of any State." The Court also held that § 231m "pre-empts all state law that stands in its way." *Id.* In so holding, the Court noted that the Act strikes a delicate balance by fixing an amount "thought appropriate to support an employee's old age and to encourage the employee to retire." *Id.*, 439 U.S. 572, 99 S.Ct. at 810. The Court further noted that any state law which would reduce the benefits would frustrate congressional objectives.[2] *Id.*

Paula acknowledges the applicability of *Hisquierdo* but contends that the trial court did not impermissibly award the railroad pension benefits to her. She reasons that the trial court's award is not tied to the payment of the railroad pension benefits because George remains the direct payee thereof, and he must pay $375.00 to her regardless of whether he elects to receive the benefits.

We do not agree with Paula's contention. The trial court specifically found that the pension benefits were a marital asset. The court then concluded that the $375.00 per month was to be paid "representing [Paula's] interest in said pension benefits." (R. 53). It is clear that the trial court awarded a portion of George's railroad pension benefits to Paula, an award that is prohibited by § 231m. Accordingly, the trial court abused its discretion in making the award.

Paula also contends that *Hisquierdo* is inapplicable because it deals with an improper present award, not with an award of a portion of future railroad pension benefits. Paula argues that an award of a portion of future benefits does not contravene the statutory goal of encouraging the recipient of railroad pension benefits to retire.

In making her contention, Paula ignores the goal stated in *Hisquierdo* of insuring that the recipient of railroad retirement benefits has enough money to live on. Paula also ignores the broad proscription of § 231m prohibiting assignment, taxation, garnishment, attachment, or *"other legal process under any circumstances whatsoever. . . ."* (emphasis supplied).

Paula further contends that George invited the court to make an erroneous award of railroad pension benefits to her by including such an award in his proposed findings. She also contends that George waived the issue of the award by not addressing the propriety of the award at trial.

An examination of the record indicates that George's proposed findings were submit-

---

1. In their briefs, the parties assume that the trial court was presented with the request for written findings of fact and conclusions of law. Our standard of review reflects the parties' assumption.

2. Since *Hisquierdo,* the statute has been changed to allow Tier II railroad pension benefits to be treated as marital property. The *Hisquierdo*

holding remains applicable to issues concerning Tier I railroad pension benefits. *See e.g., Tarbet v. Tarbet*, 97 Ohio App.3d 674, 647 N.E.2d 254, 256 (1994) (holding that "[t]he Supreme Court's conclusion in *Hisquierdo* that Tier I benefits may not be treated as marital property subject to division remains the law").

ted in response to the trial court's verbal indication that it would award a portion of the pension benefits to Paula. Accordingly, George did not invite the court's error. The record also indicates that George entered into evidence a letter from the Railroad Retirement Board which states that Tier I railroad pension benefits cannot be included as marital property. (R. 195–198). However, the record further indicates that George's testimony regarding the propriety of an award of benefits to Paula was misleading and confused.

The federal law clearly provides that a former spouse cannot receive Tier I railroad pension benefits through the agency of state law and that a state court is preempted from enforcing any state law which may affect such benefits. The real or imagined ineptitude of the direct recipient of the benefits does not serve as a mechanism which gives a state court the power to ignore federal preemption.

## II. MARITAL DEBT

■ George contends that the trial court erred in not giving him a $2,267.38 credit for paying $4,534.77 in marital credit card debt. He points out that the credit card debt was paid under a preliminary agreement between he and Paula.

The preliminary agreement between George and Paula indicates that George was responsible for paying the monthly obligation on the Discover and the MasterCard, long distance phone expenses, and all other expenses he incurred in his individual name. The agreement also indicates that Paula was responsible for paying the first and second mortgages on the marital residence, all costs associated with her usage of the marital residence, the J.C. Penney and Visa card debt, and all other debts in her individual name. George fails to cite to anything in the record which indicates that he informed the trial court as to the actual funds expended by the parties pursuant to the preliminary agreement. He also fails to cite to anything in the record which indicates that he requested a

credit for payments of the credit card debt made under the preliminary agreement. We do not find that the trial court abused its discretion in not giving an unrequested credit.

## CONCLUSION

The trial court abused its discretion in awarding a portion of George's railroad pension benefits to Paula. Accordingly, we reverse and remand with instructions that the trial court delete the reward from its judgment.

The trial court was within its discretion, however, in not awarding a credit for the payments made by George pursuant to the preliminary agreement between he and Paula.

Reversed in part and remanded with instructions. Affirmed in part.[3]

HOFFMAN and RUCKER, JJ., concur.

---

**3.** We note that Paula filed with this court a petition for appellate attorney fees. She also requested the payment of fees in her appellee's brief. Upon remand, the trial court should determine whether an award of appellate attorney fees is warranted.