**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jun 20 2014, 6:47 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**RUSSELL T. CLARKE, JR.**
Emswiller, Williams, Noland & Clarke, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JANE SHAMLEY,                               )
                                            )
    Appellant-Respondent,             )
                                            )
        vs.                  )    No. 29A05-1401-DR-17
                                            )
GORDON SHAMLEY,                             )
                                            )
    Appellee-Petitioner.              )

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable William J. Hughes, Judge
Cause No. 29D03-1106-DR-6210

**June 20, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

Appellant-Respondent Jane Shamley ("Wife") and Appellee-Petitioner Gordon Shamley ("Husband") were married on October 23, 1983. They are the parents of two adult children, C.S. and I.S., and two minor children, A.S. and Iv.S. Husband filed a petition seeking a dissolution of the parties' marriage on June 27, 2011. On December 6, 2013, after numerous continuances attributed to changes of counsel by Wife, the trial court conducted a final hearing. The trial court issued an order dissolving the parties' marriage on December 13, 2013. In this order, the trial court awarded a fifty-five percent to forty-five percent division of the marital assets, with Wife receiving the larger share. On appeal, Wife contends that the trial court abused its discretion in dividing the marital assets. Finding no abuse of discretion by the trial court, we affirm.

## FACTS AND PROCEDURAL HISTORY

Husband and Wife were married on October 23, 1983. They are the parents of two adult children, C.S. and I.S. Husband and Wife are also the parents of two minor children, A.S. and Iv.S. Husband filed a petition seeking a dissolution of the parties' marriage on June 27, 2011. On December 6, 2013, after numerous continuances attributed to changes of counsel by Wife, the trial court conducted a final hearing.

The evidence provided during the final hearing demonstrates that Wife has the necessary training, education, and degrees to work as both a certified occupational therapist assistant and a licensed practical nurse ("L.P.N."). However, notwithstanding these qualifications, at the time of the final hearing, Wife was working part-time at Wal-Mart and

attending school full-time to refresh her already current L.P.N. license. Wife was also receiving Veterans benefits while enrolled in school in connection to her prior service in the United States Air Force.

Husband, who has some college education but no degree, was employed repairing medical equipment. Husband had stable employment as is evidenced by the fact that he had worked for the same employer for approximately twenty-six years. Husband had been temporarily re-located to Sacramento, California for work for much of the two years prior to the final hearing, but he returned to Central Indiana in the spring of 2013, shortly after receiving notice from Child Protective Services of concerns of child abuse against A.S. by Wife.

The evidence provided during the final hearing further demonstrates that at the time of the final hearing, A.S., C.S., and C.S.'s young daughter lived with Husband in a home, owned by the parties and located in Fishers (the "Fishers residence"). Father had recently completed numerous repairs on the Fishers residence, including replacing the water heater and softener and re-plumbing the home. Iv.S. lived with Wife in a home, again owned by the parties, and located in Noblesville (the "Noblesville residence"). Iv.S. was doing well in school, was involved in after-school activities, had many friends, and seemed well-adjusted.

During the evidentiary hearing, Wife requested that she be awarded the Fishers residence and Husband be awarded the Noblesville residence. Wife acknowledged that if the trial court were to grant her request, both Iv.S. and A.S. would be forced to change schools. Wife also acknowledged that both households would be uprooted from their homes and

forced to move if she were awarded the Fishers residence.

After the conclusion of the final hearing and after conducing *in camera* interviews with A.S. and Iv.S., the trial court issued a dissolution decree in which it awarded a fifty-five percent to forty-five percent division of the marital assets, with Wife receiving the larger share. In dividing the marital assets, the trial court awarded the Fishers residence to Husband and the Noblesville residence to Wife. This appeal follows.

## DISCUSSION AND DECISION

### I. Division of Assets

Wife contends that the trial court abused its discretion in dividing the marital assets.

> The division of assets lies within the sound discretion of the trial court. We will reverse only if that discretion is abused. Reversal is appropriate when there is no rational basis for the award. There is no rational basis if the court's division of marital assets is clearly against the logic and effect of the facts and reasonable inferences to be drawn therefrom.

*Bloodgood v. Bloodgood*, 679 N.E.2d 953, 956 (Ind. Ct. App. 1997) (internal citations omitted). "We presume that the trial court followed the law and considered the proper factors in making its determination." *Id.* As such, the party challenging the property division must overcome a strong presumption that the court complied with the statute and considered the evidence on each of the statutory factors. *Luttrell v. Luttrell*, 994 N.E.2d 298, 301 (Ind. Ct. App. 2013). We do not reweigh the evidence, and we consider only the evidence favorable to the dissolution court's decision. *Id.* In addition, when reviewing a challenge to the trial court's division of marital assets, we consider the court's disposition of marital assets as a whole, not item by item. *Id.* at 304.

4

## A. Award of Residences

In challenging the trial court's division of the marital assets, Wife claims that the trial court abused its discretion in awarding the Fishers residence to Husband and the Noblesville residence to her. Wife claims that in light of the current economic positions of the parties, she should have been awarded the Fishers residence and Husband the more expensive Noblesville residence. For his part, Husband argues that the trial court acted within its discretion in awarding him the Fishers residence and Wife the Noblesville residence.

During the evidentiary hearing, the trial court heard evidence of the current economic positions of the parties and evidence relating to various factors, such as educational background, that could potentially impact the future earning potential of each party. In addition, Wife requested and Husband agreed that Wife should receive the larger share of an unequal division of the marital assets. The trial court also heard evidence that, barring some unforeseen circumstance, Wife was scheduled to acquire the proceeds of a $70,000 bank account in the fall of 2014.

The trial court acknowledged that at the time of the evidentiary hearing, Wife was earning substantially less income than Husband, but found that Wife's current employment situation was short-term. The trial court noted that Wife holds various degrees and certifications and has the potential to earn substantially more than she was earning in her current employment. The trial court also noted that the unequal distribution of the marital assets in favor of Wife requested by the parties coupled with the substantial financial asset which Wife would likely acquire in the fall of 2014, positively impacted Wife's ability to

afford the Noblesville residence.

The trial court also heard evidence that, at the time of the hearing, Wife had been living in the Noblesville residence with Iv.S. for at least ten years. Iv.S. was doing well in school, was involved in after school activities, had many friends, and seemed well-adjusted. The trial court heard evidence that a move to the Fishers residence would require Iv.S. to change schools. In addition, the trial court heard evidence that at the time of the evidentiary hearing, Husband had completed renovations to and was living in the Fishers residence with A.S. and C.S. as well as C.S.'s daughter. The trial court also heard evidence that like Iv.S., A.S. would have had to change schools if Wife were awarded the Fishers residence. Wife acknowledged that both households, including herself, Iv.S., Husband, A.S., C.S., and C.S.'s daughter, would be uprooted from their homes and forced to move if she were awarded the Fishers residence.

In challenging the trial court's award of the Fishers residence to Husband and the Noblesville residence to her, Wife claims that the trial court was silent as to its reasons why it awarded the respective residence to each party. However, review of the record indicates that, to the contrary, the trial court explained its reasoning at the conclusion of the final hearing. In awarding the Fishers residence to Husband and the Noblesville residence to Wife, the trial court questioned the wisdom of interrupting the lives of the parties' two minor children and their grandchild, and, the trial court cited the desire to keep the minor children in their current residence and schools as a basis for its decision. The trial court also noted that Wife's current financial situation was temporary and that Wife had the potential of earning a

6

substantially higher income than she was earning at the time of the final hearing. In addition, the trial court noted the apparent delay by Wife with regard to the divorce proceedings and the additional financial costs incurred by both parties as a result of this apparent delay. In light of the reasons cited by the trial court, we conclude that the trial court acted within its discretion in awarding the Fishers residence to Husband and the Noblesville residence to Wife.

### B. Consideration of Non-Marital Property

Wife also claims that the trial court abused its discretion in considering the account containing $70,000 when dividing the marital assets. Again, though not included in the marital assets, barring some unforeseen circumstance, the proceeds of this account would revert to Wife in the fall of 2014. For his part, Husband argues that the trial court did not abuse its discretion in considering this account. We agree with Husband.

Again, the parties both argued during the evidentiary hearing that Wife should receive a higher percentage of the marital assets than Husband. The trial court, accepting the parties' argument in this regard, awarded a fifty-five percent to forty-five percent division of the marital assets, with Wife receiving the larger portion.

In explaining its division of the marital assets, the trial court discussed the financial positions of the parties, including their future earning potential, and noted that in addition to the fifty-five percent of the marital assets awarded to Wife, Wife had an interest in an approximately $70,000 account that would revert to Wife in the fall of 2014. Both parties discussed this account during the evidentiary hearing. The trial court acknowledged that it

7

was aware of the account in the Decree of Dissolution and stated that "[w]hile this is not a marital asset, it is a financial circumstance weighing very heavily in the favor of [Wife], and is equivalent to an additional 11.5% of the net marital estate." Appellant's App. p. 12. It does not seem reasonable to expect the trial court to completely ignore this account when dividing the marital assets, especially in light of the fact that both parties discussed the account during the evidentiary hearing. As such, we cannot conclude that the trial court abused its discretion in this regard.

The judgment of the trial court is affirmed.

RILEY, J., and ROBB, J., concur.